IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DANA FAZEKAS, Individually and as Next Friend of B. H., a minor. L.H., a minor, and R. H. a minor; and ERIC FAZEKAS,<br><br>Plaintiffs,<br><br>vs.<br><br>GREG S. LONGNECKER and DOE DEFENDANTS 1-20,<br><br>Defendants.<br>______________________________<br><br>GREG S. LONGNECKER,<br><br>Defendant/Third-Party Plaintiff,<br><br>vs.<br><br>COMMERCIAL WATER SPORTS, INC., JOHN DOES 1-10,<br><br>Third-Party Defendants.<br>______________________________ | CV. NO. 06-00175 SOM-BMK |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR REMAND

The matter before the Court is Plaintiffs' Motion for Remand. The Motion was heard on June 9, 2006. For the following reasons, the Court finds that

this case was improperly removed, and the Court therefore recommends that the Motion be GRANTED.

BACKGROUND

This case arises out of a parasailing accident that occurred on or about January 26, 2005. On December 20, 2005, Petitioner X-treme Parasail, Inc. filed a limitation action in federal court, seeking to limit Petitioner's liability to the value of M/V X-treme against Plaintiffs' claims. In conjunction with this limitation action, on January 27, 2006, the Honorable Susan Oki Mollway granted an ex-parte application and issued an injunction with respect to claims against Petitioner arising out of the accident.

On March 13, 2006, Plaintiffs filed a Complaint in the Circuit Court of the First Circuit, State of Hawaii against Defendant Greg S. Longnecker. In their Complaint, Plaintiffs allege that Defendant owned and operated the M/V X-treme and that the subject accident was caused by Defendant's negligence.

Defendant filed a notice of removal on March 28, 2006. On April 21, 2006, Judge Mollway lifted the stay to allow this Court to adjudicate the instant motion for remand.

## DISCUSSION

A.   Standard of Review

In the consideration of whether a case has been properly removed, there is a strong presumption against federal court jurisdiction. See, Gaus v. Miles, 980 F.2 564, 566 (9th 1992). Federal jurisdiction must be rejected if there is any doubt as to right of removal. Id.; Barco v. MCI Worldcom Communications, Inc., 138 F.Supp.2d 1260, 1264 (C.D. Cal., 2001). The defendant, who is the removing party always bears the burden of proving by preponderance of the evidence, the propriety of removal, including jurisdiction. See, Sanchez v. Monumental Life Ins. Co., 102 F.3d. 398, 403 (9th Cir. 1996).

B.   Grounds for Removal

1.   Introduction

Two bases for removal are asserted by Defendant: diversity jurisdiction pursuant to 28 U.S.C. § 1332, and admiralty jurisdiction, pursuant to 28 U.S.C. § 1333. Since neither is proper, this action must be remanded.

2.   Diversity Jurisdiction

Defendant asserts that diversity jurisdiction exists because Plaintiffs are citizens of South Carolina and Defendant Longnecker is a citizen of Hawaii. Removal jurisdiction is not available, however, where as here, the removing

defendant is a “citizen of the state in which such action is brought.” 28 U.S.C. § 1441(b). Because Defendant is a citizen of Hawaii, diversity is not a proper basis for removal.

3. Admiralty Jurisdiction

Federal question jurisdiction exists only if the federal question is squarely presented in the complaint. The mere fact that a defense or counterclaim may raise a federal question is insufficient to establish federal question jurisdiction. Seven Resorts, Inc. v. Cantlen, 57 F.3d 771, 772 (9th Cir. 1995).

In the present case, a federal question is not presented in the Complaint. That is because Plaintiffs’ maritime claims are brought under the “saving to suitors’ clause” of 28 U.S.C. § 1333(1). As the court emphasized in Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1069 (9th Cir. 2001), “saving clause claims brought in State court are not removable under 28 U.S.C. § 1441 absent some other jurisdictional basis, such as diversity or federal question jurisdiction.”

CONCLUSION

Since the Defendant has not established a proper basis for removal, this case must be remanded. Whether or not Plaintiffs violated the injunction by filing this action and discretionary considerations such as inconvenience to the

parties are not relevant to the inquiry. Accordingly, the Court RECOMMENDS that Plaintiffs' Motion be GRANTED.

IT IS SO FOUND AND RECOMMENDED.

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

/s/ Barry M. Kurren
United States Magistrate Judge
Dated: June 14, 2006

DANA FAZEKAS, ET AL. V. GREG S. LONGNECKER, ET AL.; CV. NO. 06-00175 SOM-BMK; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR REMAND.

5