IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DANA FAZEKAS, Individually and as Next Friend for B.H., a minor, L.H., a minor, and R.H., a minor; and ERIC FAZEKAS,          Plaintiffs,      vs. GREG S. LONGNECKER; and DOE DEFENDANTS 1-20,          Defendants. | Civil No. 06-00175 SOM/BMK ORDER ADOPTING FINDINGS AND RECOMMENDATION TO REMAND CASE; ORDER REMANDING CASE |

ORDER ADOPTING FINDINGS AND RECOMMENDATION TO REMAND CASE;
ORDER REMANDING CASE

I.      INTRODUCTION AND FACTUAL BACKGROUND.

This case arises out of a parasailing excursion in which 12-year-old B.H. was injured by the parasailing vessel's propeller (the "Accident"). At the time of the accident, Greg S. Longnecker was allegedly operating the vessel.

X-Treme Parasail, Inc. ("XPI"), the owner of the vessel, filed a Petition for exoneration from and limitation of liability under 46 U.S.C. §§ 181 to 195 and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Federal Limitation Act case"). This court then granted XPI's ex parte application directing notice to claimants and enjoining claims against XPI arising out of the Accident.

On March 13, 2006, pursuant to the Saving to Suitors clause found in 28 U.S.C. § 1331(1), Plaintiffs in this case

filed a complaint and demanded a jury trial in state court against Longnecker.  <u>See</u> Complaint, <u>Fazekas v. Longnecker</u>, Civ. No. 06-1-0439-03 GWBC (filed in the Circuit Court for the First Circuit, State of Hawaii).  On March 28, 2006, Longnecker removed that Complaint to this court.  On March 31 and April 21, 2006, Longnecker filed what he called his First and Second Notices of Removal.

On April 7, 2006, Plaintiffs moved to remand this action to state court.  The court deems this motion to remand to apply to the Second Notice of Removal, which appears to have been filed in an attempt to cure defects in the earlier notices of removal.

On June 14, 2006, Magistrate Judge Barry M. Kurren issued Findings and Recommendation to Grant Plaintiffs' Motion to Remand ("F&R").  Longnecker timely filed objections to the F&R.  Because removal was improper under any of the arguments raised in the various Notices of Removal, this case is remanded to state court.

II.     <u>STANDARD OF REVIEW.</u>

The court reviews <u>de novo</u> those portions of the F&R to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendation made by the Magistrate Judge.  The court may also receive further evidence on the matter or recommit it to the Magistrate Judge with instructions.  The court may accept those portions of the

Magistrate Judge's findings and recommendation that are not objected to if it is satisfied that there is no clear error on the face of the record.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Local Rule 74.2; Int'l Longshore & Warehouse Union, Local 142, AFL-CIO v. Foodland Super Market Ltd., 2004 WL 2806517, *1 (D. Haw. Sept. 15, 2004); see also Campbell v. United States Dist. Court, 501 F.2d 196, 206 (9th Cir. 1974).

III.     ANALYSIS.

When a case is removed to federal court, there is a strong presumption against removal.  See Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992).  A defendant who has removed a case bears the burden of proving the propriety of removal, including jurisdiction.  See id.; Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990).

The Ninth Circuit strictly construes the removal statute against removal jurisdiction.  See Gaus, 980 F.2d at 566. Courts should resolve doubts in favor of finding federal jurisdiction to be lacking and thus in favor of remand.  See id.; 28 U.S.C. §§ 1441(a), 1447(c); see also St. Francis Hosp. and Med. Ctr. v. Blue Cross & Blue Shield of Conn., Inc., 776 F. Supp. 659, 661 (D. Conn. 1991).

In the First Amended Notice of Removal filed by Longnecker, he claimed that removal was proper based on 28 U.S.C. §§ 1332(1) (diversity jurisdiction) and 1333 (admiralty jurisdiction).  The Second Amended Notice of Removal asserts

3

another, arguably untimely, basis of jurisdiction--28 U.S.C. § 1367 (supplemental jurisdiction). See ARCO Envtl. Remediation, L.L.C., v. Dep't of Health & Envtl. Quality of the State of Mont., 213 F.3d 1108, 1117 (9th Cir. 2000) (other than to cure defective allegations of jurisdiction, notices of removal may not be amended outside the 30-day period for filing notices of removal to add a new basis for removal jurisdiction). Removal was improper under all of these statutes.

  A. Diversity Jurisdiction.

  Longnecker appears to agree that, pursuant to 28 U.S.C. § 1441(b), he could not remove this case based on § 1332(1) (diversity) because he himself is a citizen of the State of Hawaii. See Concurrence in Part and Objections in Part to Magistrate Judge's Finding and Recommendation (June 28, 2006) at 3 ("Judge Kurren correctly ruled that Defendant Greg Longnecker's Notice of Removal filed on March 28, 2006 was improper.").

  B. Admiralty Jurisdiction.

  Longnecker argues that removal was proper based on this court's exclusive jurisdiction over admiralty cases under 28 U.S.C. § 1333(1). The Magistrate Judge properly rejected this argument.

  "Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action

4

or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983); Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 821 (9th Cir. 1985) ("A case 'arises under' federal law only if the federal question appears on the face of the plaintiff's well-pleaded complaint.").  The presence of a defense or counterclaim that raises a federal question is insufficient to establish federal question jurisdiction allowing removal. Caterpillar Inc. v. Williams, 482 U.S. 386, 399 (1987) ("a *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated"); Takeda, 765 F.2d at 821 (removal may not be based on a federal question raised by a defendant in a counterclaim).

XPI argues that, because it has a right to have this court adjudicate its claims for exoneration from and limitation of liability under 46 U.S.C. §§ 181 to 195 and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, removal was proper based on a federal question.  But Plaintiffs brought their claims in state court based on the Saving to Suitors clause of 28 U.S.C. § 1333(1).  The Ninth Circuit has ruled that, so long as plaintiffs do not waive improper removal, a defendant is not entitled to remove a case brought under the

Saving to Suitors clause unless some other jurisdictional basis exists for the removal. See Morris v. Princess Cruises, Inc., 236 F.3d 1060, 1069 (9th Cir. 2001); accord Edmonson v. Magnolia Marine Trans. Co., 359 F.3d 1237, 1241 (10th Cir. 2004) ("'[C]ourts have consistently interpreted the 'savings clause' to preclude removal of maritime actions brought in state court and invoking a state law remedy, provided there is no independent basis for removal.'" (quoting In re Chimenti, 79 F.3d 534, 537 (6th Cir. 1996)). Because Plaintiffs are asserting that removal based on the Limitation Act is improper, they have not waived that argument, and removal in this case cannot be based on the Limitation Act.

    C. Supplemental Jurisdiction.

Even if this court considers the Second Notice of Removal and its argument that this court has supplemental jurisdiction[1] allowing removal, no authority supports that argument. There are two separate lawsuits arising out of the Accident--the federal-court action under the Limitation Act and the state-court action under the Saving to Suitors clause. Longnecker contends that, because this court has jurisdiction over him in the federal-court action, it has supplemental

---

[1]Supplemental jurisdiction over state claims exists when a federal claim is sufficiently substantial to confer federal jurisdiction, and there is "a common nucleus of operative fact between the state and federal claims." Brady v. Brown, 51 F.3d 810, 816 (9th Cir. 1995) (citing Gilder v. PGA Tour, Inc., 936 F.2d 417, 421 (9th Cir. 1991)); see also 28 U.S.C. § 1367.

jurisdiction over the claims asserted against him in the state-court action. No authority supports that proposition.

Supplemental jurisdiction cannot arise in the way Longnecker contends. To hold otherwise would allow vessel owners in every Limitation Act case to remove a state case brought under the Saving to Suitors clause merely because the state case involves claims for which supplemental jurisdiction exists in the Limitation Act case. Because the Ninth Circuit has expressly ruled that a defendant is not entitled to remove a case brought under the Saving to Suitors clause unless some other jurisdictional basis exists for the removal, see Morris, 236 F.3d at 1069, removal of the present case cannot be based on supplemental jurisdiction.

Moreover, removal cannot be based on claims asserted against Longnecker in the Federal Limitation Act case, as he was not added as a party to the Federal Limitation Act case until May 16, 2006, well after he removed the present action. See Wis. Dep't of Corrections v. Schacht, 524 U.S. 381, 390 (1998) ("for purposes of removal jurisdiction, we are to look at the case as of the time it was filed in state court"); Sparta Surgical Corp. v. Nat'l Assoc. of Securities Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998) ("Under 28 U.S.C. § 1441(1), an action must "be fit for federal adjudication when the removal petition is filed.").

7

IV.     CONCLUSION.

The court adopts the F&R and remands this case to the Circuit Court of the First Circuit, State of Hawaii.  The Clerk of this Court shall mail a certified copy of this order to the Clerk of the State Court pursuant to 28 U.S.C. § 1447 and close this court's file.

                IT IS SO ORDERED.

                DATED: Honolulu, Hawaii, June 30, 2006.



                        _____
                        Susan Oki Mollway
                        United States District Judge

Fazekas v. Longnecker, Civ. No. 06-00175 SOM/BMK; ORDER ADOPTING FINDINGS AND RECOMMENDATION TO REMAND CASE; ORDER REMANDING CASE